DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Dan K. Strauss Construction Inc. has appealed from an order of the Oberlin Municipal Court that awarded it $5,501.06, plus interest from the date of judgment, and required it to pay $1,307.10, plus interest from the date of judgment, to defendants Barry and Marcee Stephenson in this breach of contract action. It has argued: (1) that the trial court incorrectly concluded that the Stephensons were not required to reimburse it for certain expenses it incurred in constructing the Stephensons' house; and (2) that the trial court incorrectly concluded that it was not entitled to pre-judgment interest commencing 30 days after the contract price became due. This Court reverses the judgment of the trial court because: (1) the expenses incurred by Strauss Construction for which it sought reimbursement were within the coverage of the contract between the parties and, therefore, Strauss Construction was entitled to be reimbursed for them; and (2) Strauss Construction was entitled to pre-judgment interest.
 I.
On October 5, 1994, Strauss Construction and the Stephensons entered into a written contract pursuant to which Strauss Construction agreed to build the Stephensons a house for a "Contract Sum" of $146,335. The contract included three provisions that, in effect, provided for changes to the "Contract Sum" under certain circumstances. Those three provisions were Article 8, Section 7.1, and Section 7.5.
Article 8 provided for the handling of increases or decreases in Strauss Construction's expenses for building the house as a result of certain choices that the Stephensons would be able to make during construction. Section 8.2 was a list of "Owner Allowances" for various components of the house. For example, the "Owner Allowance" for light fixtures was $1750. Pursuant to Section 8.1, the parties agreed that, to the extent the Stephensons chose merchandise or made selections, the cost of which were less than the listed "Owner Allowances," they would receive a credit and, to the extent they chose merchandise or made selections, the cost of which were more than the listed "Owner Allowances," they would reimburse Strauss Construction.
Section 7.1 of the contract provided that, to the extent additional work or materials were needed to complete the contract because of site conditions, including unsuitable soils, the Stephensons would pay for that additional work or materials "on a time and material basis." Finally, Section 7.5 of the contract provided that all changes in the contract would be "in writing and executed by both parties."
Strauss Construction began work on the house during December 1994. During the spring of 1995, the Lorain County Health Department informed the parties that conditions on the Stephensons' site would require a more complex septic system than was usually acceptable. Section 8.2 of the contract listed an "Owner Allowance" of $4,500 for the "Sanitary Disposal System (installed)." Strauss Construction solicited bids from two subcontractors for the more complex system needed and submitted those bids to the Stephensons. Although it is unclear whether the Stephensons ever specifically responded to the two bids, the lower bidder eventually installed the septic system for $2,373.28 more than the "Owner Allowance."
Section 8.2 listed an "Owner Allowance" of $3,700 for "Kitchen Bath Cabinets (materials)." During construction, the Stephensons made selections of kitchen and bath cabinets that exceeded that "Owner Allowance" by $219.83. Similarly, Section 8.2 listed an "Owner Allowance" of $4,250 for "Staining All Trim 
Doors Inside and Painting Interior Walls and Exterior Wood Trim." The Stephensons made selections during construction related to painting and staining that exceeded that "Owner Allowance" by $222.
The Stephensons moved into their house on June 15, 1995. On July 5, 1995, Strauss Construction submitted a final bill to them for $24,964.60. Among other things, that bill included the $2,373.28 by which the cost of the septic system had exceeded the "Owner Allowance," the $219.83 by which the cost of the kitchen and bath cabinets had exceeded the "Owner Allowance," and the $222 by which the cost of the painting and staining had exceeded the "Owner Allowance." Discussions between the parties resulted in Strauss Construction reducing the total amount it considered due from the Stephensons to $24,023.42. The Stephensons, through their bank, paid $15,707.25, leaving an unpaid balance, according to Strauss Construction, of $8,316.17.
Strauss Construction filed this action against the Stephensons on February 19, 1997. The Stephensons filed a counterclaim against Strauss Construction by which they sought recovery for certain "punch list" items that, they claimed, Strauss Construction had not completed. The parties' claims were tried to the court on December 4 and December 10, 1997. On December 16, 1997, the trial court entered judgment in favor of Strauss Construction for $5,501.06, plus interest from the date of judgment, on its complaint and in favor of the Stephensons for $1,307.10, plus interest from the date of judgment, on their counterclaim.
In its Journal Entry, the trial court wrote that the contract between the parties was ambiguous because, while Section 7.1 dealt with extras as a result of soil conditions, Section 7.5 of the contract provided that "[a]ll changes to the Agreement shall be in writing and executed by both parties." The trial court noted that the contract had been drafted by Strauss Construction and, therefore, it should be interpreted more favorably to the Stephensons. The trial court concluded that the amounts Strauss Construction was trying to recover for the septic system, the cabinets, and the painting and staining were not in writing and, therefore, not payable by the Stephensons.
The trial court also refused to award Strauss Construction prejudgment interest. Strauss Construction timely appealed to this Court.
 II. A.
Strauss Construction's first assignment of error is that the trial court incorrectly concluded that the Stephensons were not required to reimburse it for the costs of the septic system, the kitchen and bath cabinets, and the painting and staining above the "Owner Allowances" listed in the contract for those items. The plain terms of a contract should be considered when determining the intent of the parties who entered into the contract. AultmanHosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, syllabus.
As recited above, Section 8.1 of the contract specifically provided that the Stephensons would reimburse Strauss Construction for amounts that exceeded the "Owner Allowances" for the items listed in Section 8.2 of the contract. Owner Allowances were listed for each of the three items for which Strauss Construction sought reimbursement. Accordingly, by seeking that reimbursement for those items, Strauss Construction was acting in accordance with Section 8.1 of the contract, not pursuant to an unwritten change to the contract as believed by the trial court. The trial court, therefore, incorrectly refused to award Strauss Construction the amounts at issue based upon its conclusion that those amounts were unwritten attempted changes to the contract.
Further, to the extent the additional costs for the septic system could be viewed as falling within Section 7.1 of the contract rather than Section 8.1 because those additional costs were necessary because of "site conditions" rather than choices made by the Stephensons, the analysis is the same. Section 7.1 provided that the Stephensons would pay additional amounts necessary because of site conditions on a time and material basis. The Stephensons have not suggested that Strauss Construction billed them for those costs on a basis other than for time and material. Strauss Construction was not, therefore, attempting to recover pursuant to an unwritten addition to the contract. Rather, it was attempting to recover pursuant to Section 7.1 of the contract and was entitled to do so. Strauss Construction's first assignment of error is sustained.
 B.
Strauss Construction's second assignment of error is that the trial court incorrectly concluded that it was not entitled to pre-judgment interest commencing 30 days after the contract price became due. The Ohio Supreme Court has held that a plaintiff recovering for breach of contract is entitled to prejudgment interest pursuant to Sections 2743.18(A) and 1343.03(A) of the Ohio Revised Code. Royal Elec. Constr. Corp. v. Ohio State Univ.
(1995), 73 Ohio St.3d 110, syllabus. See Young v. Internatl. Bhd.of Locomotive Engineers (1996), 114 Ohio App.3d 499, 509-10; Heinz v. Steffen (1996), 112 Ohio App.3d 174, 187-88.
Article 6 of the contract between Strauss Construction and the Stephensons provided that the unpaid balance of the "Contract Sum" was due 30 days following the date upon which the Stephensons took possession of their house. They did so on June 15, 1995. Strauss Construction sought prejudgment interest from August 22, 1995. The trial court erred by not awarding it to them. Strauss Construction's second assignment of error is sustained.
 III.
Plaintiff's assignments of error are sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Oberlin Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. __________________________________ CLAIR E. DICKINSON, FOR THE COURT
REECE, P. J.
QUILLIN, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)